IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN WHITTMAN, | No. 2:25-CV-1426-TLN-DMC |
| Plaintiff, | |
| v. | <u>ORDER</u> |
| CORIE J. CARAWAY, et al., | |
| Defendants. | |

Plaintiff, who is proceeding pro se, brings this civil action. Pending before the Court is Plaintiff's original complaint, ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. <u>See</u> 28 U.S.C. § 1915A(a). This provision also applies if the plaintiff was incarcerated at the time the action was initiated even if the litigant was subsequently released from custody. <u>See</u> <u>Olivas v. Nevada ex rel. Dep't of Corr.</u>, 856 F.3d 1281, 1282 (9th Cir. 2017). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. <u>See</u> 28 U.S.C. § 1915A(b)(1), (2).

///

///

1

Moreover, the Federal Rules of Civil Procedure require that complaints contain a "... short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff filed the form complaint on May 21, 2025. See ECF No. 1. Plaintiff stated the names of four Defendants, Judge Corie J. Caraway, Officer Cooper, Inspector Love, and Administrator Wolfo. See id. at 2-3. Plaintiff selected the box indicating the basis for the Court's jurisdiction over this case is federal question and wrote something below that is illegible. See id. at 3. Plaintiff did not provide any additional facts nor information in the form complaint but asserted the amount in controversy is "48 million dollars." Id. at 5. Plaintiff attached three documents to the complaint, as follows: (1) a photo of a vehicle, which appears to be part of an appeal filed by Plaintiff; (2) a document from Butte County Superior Court indicating that a case file was destroyed pursuant to "GC 68152 & Standing Order BCC 2000-11," with "what happened to the minutes for this case file?" hand written at the bottom of the page; and (3) a parking violation document from the city of Chico. Id. at 7-9. There is no other information provided in the complaint.

///
///
///
///

## II. DISCUSSION

As discussed above, Rule 8 requires a complaint contain a short and plain statement of the claim. Plaintiff's complaint does not provide any information about what Plaintiff's claim is nor the facts underlying such claim. As such, the complaint fails to state a claim upon which relief can be granted. The Court will provide Plaintiff the opportunity to amend the complaint to provide the basis of Plaintiff's claim and the facts underlying the claim in accordance with Rule 8.

## III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

///

///

///

Finally, Plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's original complaint is dismissed with leave to amend; and

2. Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.

Dated: July 3, 2025

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE